NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000462
25-MAR-2015
08:28 AM

NO. CAAP-12-0000462


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
FAAMOANA MALAEFONO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1P112-00947)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Faamoana Malaefono (Malaefono) appeals from the April 13, 2012 Notice of Entry of Judgment and/or Order entered by the District Court of the First Circuit Court, Honolulu Division (District Court)[1] on his January 27, 2012 charge of Disorderly Conduct in violation of Hawaii Revised Statutes (HRS) § 711-1101(1)(a) and (3) (2014).[2]

---

[1]     The Honorable Linda K.C. Luke presided.

[2]     The offense of Disorderly Conduct is defined by HRS § 711-1101, which provides, as pertinent to the conviction in this case,

> (1)   A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member of members of the public, or recklessly creating a risk thereof, the person:

>> (a)   Engages in fighting or threatening or in violent or tumultuous behavior

>      . . . .

> (3)   Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist.  Otherwise disorderly conduct is a violation.

On appeal, Malaefono argues that the District Court erred because there was insufficient evidence that Malaefono (1) recklessly created a risk of causing physical inconvenience to a member or members of the public; (2) persisted in disorderly conduct after reasonable warning or request to desist; and (3) unjustifiably used force in self-defense.

After a careful review of the issues raised and arguments advanced by the parties, the applicable authority, and the record we resolve Malaefono's points as follows:

1. and 2.  Sufficient evidence supporting Malaefono's conviction was presented.  State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) ("The test on appeal is . . . whether there was substantial evidence to support the conclusion of the trier of fact.").  Officer Tyler Henshaw (Officer Henshaw) and Malaefono testified that Malaefono was engaged in a fight with another male in front of the Waikiki Trade Center which had drawn approximately one hundred people.  Officer Henshaw testified that he approached the fighters and "screamed" "Police. Stop fighting." several times from two feet away and when the individuals failed to respond, he sprayed them with pepper spray about four times.  The individuals in the crowd were "cheering and booing and making all sorts of noise and watching" and eventually pushed the fight out into the street.  In response, police shut down the east-bound lanes of Kuhio Avenue.  Only when the two fighters were tired, was Officer Henshaw able to intervene without becoming injured himself.  Based on the foregoing, there was sufficient evidence that Malaefono recklessly disregarded the risk of inconveniencing the public with his fighting behavior, and failed to heed the repeated commands of Officer Henshaw to stop, thereby establishing the offense of Disorderly Conduct as a petty misdemeanor.

3.  We also conclude that there was sufficient evidence to disprove Malaefono's claim of self-defense.  See State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996) ("The prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case.").  However, based on

2

the comments of the District Court at sentencing, we cannot conclude that the District Court considered Malaefono's asserted justification defense. The use of force for self-protection is a defense of justification. See HRS §§ 703-301, -304(1) (2014).[3] Self-defense is a justification "[i]n any prosecution for an offense[.]" HRS § 703-301(1) (emphasis added). "Self-defense is not an affirmative defense, and the prosecution has the burden of disproving it once evidence of justification has been adduced." State v. Culkin, 97 Hawaiʻi 206, 215, 35 P.3d 233, 242 (2001).

Malaefono testified that a man taller and heavier than himself approached and, with the help of another, shorter man, proceeded to punch Malaefono in the face. Malaefono testified he was "trying to protect myself." Based on this evidence, the prosecution was required to disprove the justification defense.

Malaefono did not request specific findings from the District Court, see Hawaiʻi Rules of Penal Procedure Rule 23(c), nor did the District Court explicitly rule on his justification defense. However, the District Court appears to have erroneously refused to consider Malaefono's proffered justification defense when it stated, "[t]his is not an assault, where I can consider the self-defense" during sentencing immediately following the District Court's finding of guilt. When a defendant asserts a defense, the court's duty is to consider whether the defendant properly raised any evidence supporting the defense and the trier of fact's duty is to determine whether such a defense has merit. See State v. Kikuta, 125 Hawaiʻi 78, 92, 253 P.3d 639, 653 (2011), as corrected (Aug. 11, 2011) (discussing the parental discipline defense in the context of a jury trial); State v. Roman, 119 Hawaiʻi 468, 478, 199 P.3d 57, 67 (2008) (failure to

---

[3]  § 703-301. Justification a defense; civil remedies unaffected.

(1)  In any prosecution for an offense, justification, as defined in sections 703-302 through 703-309, is a defense.

§ 703-304. Use of force in self-protection.

(1)  . . . the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

consider defense not harmless error).  As self-defense potentially applies to any prosecution, HRS §§ 703-301, -303, it was error for the District Court not to consider the defense here.

Therefore, the April 13, 2012 Notice of Entry of Judgment and/or Order of the District Court of the First Circuit Court, Honolulu Division is vacated and the case is remanded for a new trial.

DATED:  Honolulu, Hawai'i, March 25, 2015.

On the briefs:

Lianne M. Aoki,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4